UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.** CV 23-8141-MWF (PVCx) | **Date:** November 27, 2023 |
| **Title:** Jesunita Agasang et al v. Jaguar Land Rover North America, LLC | |

**Present:** The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Amy Diaz |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendant: |
|---|---|
| None Present | None Present |

**Proceedings (In Chambers):** ORDER DENYING PLAINTIFFS' MOTION TO REMAND [9]

Before the Court is Plaintiffs Jesunita A. Agasang's and Eon Alexis A. Agasang's Motion to Remand, filed on October 27, 2023. (Docket No. 9). Defendant Jaguar Land Rover North America, LLC ("Jaguar") filed an Opposition on November 6, 2023. (Docket No. 10). Plaintiffs filed a Reply on November 13, 2023. (Docket No. 12).

The Court has read and considered the Motion and held a hearing on **November 27, 2023**.

The Motion is **DENIED**. Defendant's removal was timely given that unequivocally clear and certain grounds to remove did not appear until Defendant received the sale agreement for Plaintiff's vehicle on August 29, 2023.

I.   **BACKGROUND**

Plaintiffs commenced this action in Los Angeles County Superior Court on August 1, 2023. (Complaint (Docket No. 1-1)). Plaintiffs' claims arise from alleged defects in their 2021 Land Rover Discovery Sport (the "Vehicle"), which they purchased on September 28, 2021. (*Id.* ¶ 8). Based on these allegations, the Complaint seeks relief for breach of express warranty, breach of implied warranty, and violation of the Song-Beverly Act. (*Id.* ¶ 23–64).

Plaintiffs pray for relief in the form of economic damages, diminution in value,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 23-8141-MWF (PVCx)            Date:  November 27, 2023
Title:   Jesunita Agasang et al v. Jaguar Land Rover North America, LLC

civil penalties "in the amount of two times Plaintiffs' actual damages," prejudgment interest, and reasonable attorneys' fees and costs. (*Id.* at 9). The Complaint does not state a specific amount of damages. (*See id*.).

On August 29, 2023, Defendants received a copy of Plaintiffs' sales agreement for the Vehicle (the "Agreement"). (Notice of Removal ("NoR") (Docket No. 1) at 7). The Agreement provided that Plaintiffs paid $101,802.75 for the Vehicle. (Docket No. 1-3).

On September 28, 2023, Defendant removed this action by invoking the Court's diversity jurisdiction. (NoR ¶¶ 7, 14).

## II. DISCUSSION

Pursuant to 28 U.S.C. § 1332(a)(1), a federal district court has jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and the dispute is between citizens of different states.

Removal of civil suits is governed by 28 U.S.C. § 1446, which requires that a notice of removal be filed within 30 days after a defendant receives the initial pleading or the service of summons, whichever is shorter. *See* 28 U.S.C. § 1446(b). A case may also be removed within 30 days after a defendant receives "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *See id*. at (b)(3).

"[N]otice of removability under § 1446(b) is determined through examination of the four corners of the applicable pleadings, ***not through subjective knowledge or a duty to make further inquiry***." *Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005) (emphasis added). The time to remove after receipt of another paper under 28 U.S.C. § 1446(b)(3) starts when "a paper makes a ground for removal 'unequivocally clear and certain.'" *Dietrich v. Boeing Co.*, 14 F.4th 1089, 1091 (9th Cir. 2021).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 23-8141-MWF (PVCx)            **Date:** November 27, 2023
**Title:**     Jesunita Agasang et al v. Jaguar Land Rover North America, LLC

In *Dietrich*, the Ninth Circuit relied on two cases, from the First and Second Circuits, both requiring that damages be explicitly stated in order to support removal under diversity jurisdiction. *See id*. at 1093 (citing *Romulus v. CVS Pharm., Inc.*, 770 F.3d 67, 75 (1st Cir. 2014) and *Moltner v. Starbucks Coffee Co.*, 624 F.3d 34, 38 (2d Cir. 2010) (per curiam)). The Ninth Circuit summarized *Romulus* as "requiring 'a clear statement of the damages sought or . . . [a] paper set[ting] forth sufficient facts from which the amount in controversy can be easily ascertained by the defendant by simple calculation.'" *Id*. (quoting *Romulus*, 770 F.3d at 75) (modifications in original).

Plaintiffs contend that Defendant's removal was untimely, as Defendant plausibly knew upon receiving the Complaint that the amount in controversy exceeded $75,000. (Motion at 7–9). Although the Complaint does not allege a specific monetary relief figure, Plaintiffs argue that they brought the case under the state court's unlimited jurisdiction, which requires at least $25,000 in damages. This, coupled with Plaintiffs' demand for civil penalties of up to "two times Plaintiffs' actual damages," attorneys' fees, and costs, should have clearly indicated that the action was removable. Plaintiffs also aver that Defendant did not need the Agreement prior to removal due to its knowledge in the market valuation of the Vehicle. (*Id.* at 9; Reply at 2).

None of the arguments offered by Plaintiffs is persuasive. As an initial matter, Plaintiffs' position is at odds with the law of the Ninth Circuit. As Plaintiffs concede, the Complaint does not specify the amount of damages sought. (*See* Motion at 9). Defendant's subjective knowledge about the value of the Vehicle is irrelevant, nor was it required to investigate whether the damages sought exceeded the amount-in-controversy requirement under § 1332. *See Harris*, 425 F.3d at 694. Because the Complaint did not contain a specific amount of damages sought, it was not until August 29, 2023 – when Defendant first received a copy of the Agreement – that there was an "unequivocally clear and certain" ground for removal under diversity jurisdiction. *Id*. Defendant's removal was therefore timely given that thirty days passed between receipt of the Agreement and removal. *See id*. at 1095; *see also* 28 U.S.C. § 1446(b)(3).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.** CV 23-8141-MWF (PVCx) | **Date:** November 27, 2023 |
| **Title:** Jesunita Agasang et al v. Jaguar Land Rover North America, LLC | |

    Plaintiffs' contention that the Civil Case Cover Sheet indicated that they met the state court's jurisdictional requirement by seeking damages above $25,000 is also unavailing. Courts have rejected identical arguments that bringing a lemon law case under the state court's unlimited jurisdiction is sufficient to show that the $75,000 threshold for diversity jurisdiction is met. *See, e.g.*, *Longoria v. Ford Motor Co.*, No. 2:22-cv-07560-JLS (PVCx), 2022 WL 16961482, at *3 (C.D. Cal. Nov. 16, 2022) (rejecting this argument because the civil cover sheet "did not assert that [the plaintiff's] 'damages' exceed $25,000: it stated only that the '***amount demanded*** exceeds $25,000,' and did not specify what this amount includes" (emphasis added)); *Cuevas v. Ford Motor Co.*, No. CV 22-1520-DMG (MAAx), 2022 WL 1487178, at *3 (C.D. Cal. May 11, 2022) (same); *Carillo v. FCA USA*, LLC, 546 F. Supp. 3d 995, 1000–01 (C.D. Cal. 2021) (rejecting a similar argument because the amount in controversy was unclear from the face of the complaint as the damages pled could refer to the actual damages or total damages).

    At the hearing and in their briefs, Plaintiffs relied on *Dart Cherokee Basin Operating Company v. Owens*, 574 U.S. 81 (2014), which addressed the sole question of whether a defendant must provide evidentiary submissions in support of a notice of removal. The Supreme Court held that supplemental evidence was not required and that "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Id.* at 89. *Dart* is inapposite, however, because it did not address the issue presented here: when the 30-day deadline to file a notice of remand is triggered. More significantly, the entire point of Defendant's argument is that there were no plausible allegations in the Complaint on which it could have relied in support of removal.

    Finally, the Court's conclusion is consistent with the purpose of the Ninth Circuit's "unequivocally clear and certain" standard, which it adopted after the Supreme Court's decision in *Dart* and was designed to prevent exactly this situation. Otherwise, district courts would be required to conduct an extensive investigation into what the defendant knew, when the defendant knew it, and what the defendant should have known in order to determine whether removal was proper. *See Dietrich*, 14 F.4th at 1094.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 23-8141-MWF (PVCx)            **Date:** November 27, 2023
**Title:** Jesunita Agasang et al v. Jaguar Land Rover North America, LLC

Accordingly, the Motion is **DENIED**.

IT IS SO ORDERED.